UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

John and Caralee Van Loon,                  Case No. 05-49934
                                                                              Chapter 13
                                Debtor.                             Hon. Phillip J. Shefferly
_____/
John Van Loon,

        Plaintiff,

vs.                                                                                                    Adv. Proc. No. 08-4916

Towne Mortgage Company,

        Defendant.
_____/

**DEFAULT JUDGMENT**

On August 12, 2008, Plaintiff filed this adversary proceeding against Defendant alleging that Defendant violated § 2605(e)(2) of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605. On February 13, 2009, the Court entered the default (docket entry #28) of the Defendant for failure to comply with a prior order of this Court. Pursuant to the Court's entry of default, and in accordance with L.B.R. 7055-1, the Plaintiff filed an application for entry of default judgment on February 16, 2009 (docket entry #29). The application requests entry of a default judgment in the amount of $15,000, consisting of $5,000 actual damages and $10,000 punitive damages, plus an award of actual attorney fees as determined by the Court. In support of his application for a default judgment, the Plaintiff also directs the Court's attention to the Plaintiff's pending motion for summary judgment and brief filed in support (docket entry #22) for authority for the requested relief. For the following reasons, the Court finds that the Plaintiff is entitled to a default judgment for

actual damages and an award of attorney fees, but is not entitled to a default judgment for punitive damages.

First, as explained in the order of default entered by the Court on February 13, 2009 (docket entry #28), the Plaintiff is entitled to a default judgment against the Defendant because of the Defendant's violation of the January 12, 2009 order (docket entry #25) that required, among other things, that Defendant obtain counsel to represent it in this adversary proceeding in compliance with L.B.R. 9010-1(a)(1) no later than January 30, 2009. Second, consistent with the Defendant's failure to comply with the January 12, 2009 order, it appears from a review of the Court file that the Defendant has also failed to respond to a request for admissions filed and served by the Plaintiff upon the Defendant. The Court file reflects that on November 24, 2008, the Plaintiff filed and served a request for admissions (docket entry #20) upon the Defendant. According to the motion for summary judgment filed by the Plaintiff on January 5, 2009 (docket entry #22), the Defendant did not respond to the request for admissions and, therefore, the matters set forth in such request are deemed admitted and conclusively established under Fed. R. Civ. P. 36(a)(3) and (6) (incorporated by Fed. R. Bankr. P. 7036). Among the facts conclusively established by the Defendant's failure to respond to the request for admissions are that the Defendant violated § 2605(e) of RESPA (request for admission #5), that the Defendant's violation of RESPA caused actual damages to the Plaintiff (request for admission #6), and that Defendant's actions are part of a pattern or practice of non-compliance with RESPA (request for admission #7). Third, § 2605(f) of RESPA provides that a loan servicer that fails to comply with § 2605 shall be liable to the borrower for any actual damages caused, and additional damages in the case of a pattern or practice of non-compliance in an amount not to exceed $1,000, together with attorney fees incurred in connection with such action

as the Court may determine to be reasonable under the circumstances. Although the Plaintiff's complaint also requests an award of punitive damages, there is no statutory authority in § 2605 of RESPA to award punitive damages in these circumstances.

Having reviewed the entire court file, including the complaint, the application for default judgment, the motion for summary judgment and the provisions of RESPA, the Court concludes that the Plaintiff is entitled to a default judgment in the amount of $6,000 together with reasonable attorney fees incurred in connection with this action. Accordingly,

IT IS HEREBY ORDERED that a default judgment is entered in favor of the Plaintiff, John Van Loon, and against the Defendant, Towne Mortgage Company, in the amount of $6,000 together with attorney fees incurred by the Plaintiff in connection with this action to be determined by the Court upon submission of an affidavit by the Plaintiff to be filed within ten days from the date of this judgment.

**Signed on February 18, 2009**

          **/s/ Phillip J. Shefferly**
        **Phillip J. Shefferly**
        **United States Bankruptcy Judge**